CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BOLIVAR ABREU and ARMANDO GARCIA-CASTILLO, : Case No. 22-CV-495
on behalf of themselves and others similarly situated, :
:
Plaintiff, : **FLSA COLLECTIVE**
: **ACTION COMPLAINT**
-against- :
: **Jury Trial Demanded**
20 ST. WHOLESALE INC. d/b/a ON TIME BEVERAGES :
and/or 20 ST. WHOLESALE SODA & BEVERAGES, :
KHALIL IBRAHIM, ABDELRAHMAN IBRAHIM, and :
YAHYA IBRAHIM, :
:
Defendants. :
-----------------------------------------------------------------X

Plaintiffs BOLIVAR ABREU and ARMANDO GARCIA-CASTILLO (hereinafter, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants 20 ST. WHOLESALE INC. d/b/a ON TIME BEVERAGES and/or 20 ST. WHOLESALE SODA & BEVERAGES ("20 ST. WHOLESALE INC."), KHALIL IBRAHIM, ABDELRAHMAN IBRAHIM, and YAHYA IBRAHIM (the "Individual Defendants") (20 ST. WHOLESALE INC. and the Individual Defendants are collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day their work shift exceeded ten (10) hours, (d) liquidated damages, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are residents of Kings County, New York.

6. Defendant, 20 ST. WHOLESALE INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 186 25th Street, Brooklyn, New York 11232.

7. Prior to the spring of 2021, Defendant 20 ST. WHOLESALE INC.'s principal place of business was located at 211 20th Street, Brooklyn, New York 11232.

8. Defendant, 20 ST. WHOLESALE INC., owns and operates a wholesale beverage distribution business doing business as "On Time Beverages" and/or "20 St. Wholesale Soda & Beverages" (the "Wholesale Business"), which sells and delivers a variety of non-alcoholic beverages to, among others, grocery stores and restaurants in Brooklyn and Manhattan.

9. The Individual Defendants, who are brothers, are the joint officers, directors, managers, supervisors, and proprietors of 20 ST. WHOLESALE INC. who participate in the day-to-day operations of the Wholesale Business, and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with 20 ST. WHOLESALE INC.

10. The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11. Upon information and belief, at least within each of the three (3) most recent years relevant to the claims herein, 20 ST. WHOLESALE INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for

commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12. Defendants employed Plaintiff, BOLIVAR ABREU, to work as a non-exempt warehouseman and delivery employee for the Wholesale Business from in or about August 2018 until on or about December 5, 2021.

13. Defendants employed Plaintiff, ARMANDO GARCIA-CASTILLO, to work as a non-exempt warehouseman and delivery employee for the Wholesale Business from in or about October 2020 until on or about December 4, 2021.

14. The work performed by Plaintiffs was directly essential to the business operated by Defendants.

15. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19. The Individual Defendants actively participate in the day-to-day operation of the Wholesale Business. For instance, they personally hire and fire employees,

supervise and direct the work of the employees, and instruct the employees how to perform their jobs.

20. The Individual Defendants jointly create, implement, and approve all business policies and makes all crucial business decisions, including decisions concerning the minimum and maximum number of hours the employees are required work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

**Bolivar Abreu**

21. In or about August 2018, Defendants hired Plaintiff, BOLIVAR ABREU, to work as a non-exempt warehouseman and delivery worker.

22. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

23. Plaintiff worked for Defendants in such capacities until on or about December 5, 2021.

24. Plaintiff worked over forty (40) hours per week.

25. Throughout the entirety of his employment, Plaintiff worked six (6) days per week (Sunday off), and his work shift consisted of twelve (12) hours per day from 7:00 a.m. until 7:00 p.m. (and sometimes later).

26. Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his work shift.

27. From the beginning of his employment in or about August 2018 and continuing through in or about March 2019, Plaintiff was not paid proper minimum

wages or overtime compensation. During this period, Plaintiff was paid at the rate of $700 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28. Beginning in or about April 2019 and continuing through in or about October 2019, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $750 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Beginning in or about November 2019 and continuing through in or about May 2020, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $800 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Beginning in or about June 2020 and continuing through in or about September 2020, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $850 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Between in or about October 2020 and in or about July 2021, Plaintiff did not work for Defendants and, therefore, makes no claim for unpaid wages for this period.

32. Beginning in or about August 2021 and continuing through the remainder of his employment on or about December 5, 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $900 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Upon receiving his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, his gross wages, deductions, and net wages.

**Armando Garcia-Castillo**

34. In or about October 2020, Defendants hired Plaintiff, ARMANDO GARCIA-CASTILLO, to work as a non-exempt warehouseman and delivery worker.

35. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

36. Plaintiff worked for Defendants in such capacities until on or about December 4, 2021.

37. Plaintiff worked over forty (40) hours per week.

38. Throughout the entirety of his employment, Plaintiff worked six (6) days per week (Sunday off), and his work shift consisted of twelve (12) hours per day from 7:00 a.m. until 7:00 p.m. (and sometimes later).

39. Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his work shift.

40. For the first two (2) weeks of his employment, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $750 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41. Beginning in or about mid-October 2020 and continuing through in or about July 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $800 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42. Beginning in or about August 2021 and continuing through in or about mid-November 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $850 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43. Beginning in or about mid-November 2021 and continuing through the remainder of his employment on or about December 4, 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid

at the rate of $900 per week straight time for all hours worked and worked seventy-two (72) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44. Upon receiving his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, his gross wages, deductions, and net wages.

45. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

46. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

47. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees a "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

48. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since January 27, 2019 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

50. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

51. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

52. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of

either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

54. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a. Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d.    Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

    e.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    g.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

55.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

56.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

57.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

60. Upon information and belief, at least within the three (3) most recent years relevant to the allegations herein, 20 ST. WHOLESALE INC. has had gross revenues in excess of $500,000.

61. Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

62. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

63. Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

64. Plaintiffs and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

65. Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

66. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of

forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

68. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

69. Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

70. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

71. Due to Defendants' intentional, willful and unlawful acts, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

72. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

73. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. At all relevant times, Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

75. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

76. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

77. Defendants knowingly and willfully violated Plaintiffs' rights by failing to a pay a "spread of hours" premium to Plaintiffs for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

78. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

79. Defendants failed to notify Plaintiffs of their regular hourly rate of pay and corresponding overtime rate of pay, any tip credits or deductions taken, and their regular designated payday, in contravention of New York Labor Law § 195(1).

80. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

81. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

82. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

83. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs BOLIVAR ABREU and ARMANDO GARCIA-CASTILLO, on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of statutory damages for Defendants' failure to provide wage notices and weekly wage statements in violation of the New York Labor Law and the New York Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
       January 27, 2022

                Respectfully submitted,

                CILENTI & COOPER, PLLC
                *Attorneys for Plaintiffs*
                200 Park Avenue – 17th Floor
                New York, New York 10166
                T. (212) 209-3933
                F. (212) 209-7102

By: _____
                Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Bolivar Abreu, am an individual currently or formerly employed by On Time Beverages and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       December 7, 2021

x _Rústico Bolivar Abreu_
Bolivar Abreu

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Armando Garcia Castillo, am an individual currently or formerly employed by On Time Beverages and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
December 21, 2021

_____
Armando Garcia Castillo